JOHN P. KRIEMELMEYER *et al.*, Plaintiffs-Appellants, *v.*
SAFECO INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

First District (4th Division)    No. 79-96

Opinion filed September 30, 1980.

Louis G. Davidson & Associates, of Chicago, for appellant John P. Kriemelmeyer.

Law Offices of Thomas P. McLaughlin, of Schaumburg (Donald S. Haley and James M. Hoffman, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:
This action was brought in the circuit court of Cook County to establish plaintiffs' right to recover uninsured motorist coverage under their policy with defendant, Safeco Insurance Company of America

(Safeco). The trial court granted defendant's motion to dismiss the complaint. Plaintiffs appeal and we affirm.

The issue presented for review is whether the tortfeasor was an insured or an uninsured motorist on the date of the accident.

On September 22, 1975, John P. Kriemelmeyer, plaintiff, was severely injured in an automobile accident. Thereafter, plaintiffs brought a personal injury action against Joseph Messana, individually and doing business as Crestwood Imports, Inc., a corporation (Crestwood), and William L. Garland, the driver of the automobile.

In June 1977, American States, the insurance carrier for Messana and Crestwood, settled with plaintiffs for $71,500. A partial stipulation to dismiss was filed in connection with the personal injury action. The partial stipulation stated:

> "IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto through their respective attorneys that the above entitled cause be dismissed with prejudice against defendants JOSEPH MESSANA, Individually and d/b/a/ CRESTWOOD IMPORTS, INC., a corporation, and WILLIAM L. GARLAND, and without costs to any party, all costs having been paid and all matters in controversy between the plaintiffs and said defendants for which said action was brought by plaintiffs against said defendants having been fully settled, compromised and adjourned."

Pursuant to this partial stipulation to dismiss, an order was entered on June 22, 1977, dismissing the personal injury action against Joseph Messana, individually and doing business as Crestwood Imports, Inc., a corporation, and William L. Garland.

After certain procedural actions not significant in this appeal, plaintiffs filed a declaratory judgment action against Safeco which, as amended, alleged that Garland had no insurance of his own covering his potential liability for bodily injury and property damage growing out of the collision, and, therefore, he was an uninsured motorist. They further alleged that they had made a demand on defendant Safeco to pay the uninsured motorist coverage and were denied. Plaintiffs state they are entitled to a pro-rata equitable contribution for costs and attorneys' fees incurred by them in settling their action. The total amount of costs and attorneys' fees paid by plaintiffs was $27,000, and defendant's share would be $3,776. Safeco moved to dismiss that action pursuant to Supreme Court Rule 133(c) (Ill. Rev. Stat. 1977, ch. 110A, par. 133(c)), alleging that the question as to the status of William L. Garland, the alleged uninsured motorist-tortfeasor, had been rendered moot based on the partial stipulation to dismiss. Safeco also filed a copy of the "Loan Receipt Agreement" as additional support of its motion to dismiss. The loan receipt agreement was executed by American States, Garland's

insurance company, and John P. Kriemelmeyer and Sherri Kriemelmeyer, in which plaintiffs acknowleged receipt of the sum of $71,500 as a loan without interest, repayable only in the event and to the extent any recovery was made from parties other than Garland, Messana and Crestwood.

On June 29, 1978, the trial court dismissed plaintiffs' complaint with prejudice. Pursuant to a motion filed July 28, 1978, on July 31, 1978, plaintiffs were granted leave to file an amended complaint for declaratory judgment.

Safeco objected to the order allowing plaintiffs to file an amended complaint, stating that the order entered on June 29, 1978, was a final and appealable order, thereby dismissing the suit and precluding the filing of any amended pleadings.

On September 1, 1978, the court entered an order denying plaintiffs' motion to vacate the June 29, 1978, order that dismissed the complaint, and sustaining defendant's motion to vacate the July 31, 1978, order that had granted leave to file an amended complaint. Plaintiffs appeal from the order of September 1, 1978.

The plaintiffs have uninsured motorist coverage with defendant Safeco. The plaintiffs do not seek to recover the uninsured policy proceeds in this instance, but only their expenses in obtaining a settlement from the alleged uninsured.

■■■ Plaintiffs contend they are entitled to recover a pro-rata share of the costs of the tort litigation under the "fund doctrine" (*Baier v. State Farm Insurance Co.* (1977), 66 Ill. 2d 119, 361 N.E.2d 1100), if Garland was an uninsured motorist on the day of the accident; they concede that Safeco would not be liable if Garland was insured on the day of the accident. However, they contend that the issue is not moot despite the settlement, since there has not yet been any formal determination that Garland was an insured motorist. We cannot agree with this last contention. When American States settled the case, it settled not only on behalf of Crestwood, the named insured, but on behalf of Garland, thus acknowledging him as an additional insured. Both, not just Crestwood, were released from liability. Accordingly, it is clear that Garland was protected by the American States policy; that is, that he was an insured. This issue having been determined, there is no reason to remand the case, since, as plaintiffs concede, they are not entitled to recover if Garland was insured by American States.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

ROMITI and JIGANTI, JJ., concur.